UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 11-40002-FDS |
| JUNIOR ALEXANDER LOPEZ, | ) ) | 11-40009-FDS |
| Defendant. | ) ) | |

### ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

This matter is pending before the Court on petitioner Junior Alexander Lopez's request for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253. Lopez seeks a COA to allow him to appeal this Court's order of October 8, 2014, denying his motion to vacate, correct, or set aside his sentence.[1]

Lopez now seeks a COA allowing him to appeal the Court's order.[2] A petitioner seeking post-conviction relief under 28 U.S.C. § 2255 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c).

---

[1] On May 10, 2012, petitioner was sentenced to a total term of 262 months, consisting of terms of 120 months on count 1 and 262 months on count 2 of Docket No. 11-40002, and terms of 120 months on count 1 and 60 months on counts 2 through 17 of Docket No. 11-40009, all to be served concurrently. He filed his motion to vacate, set aside, or correct sentence only in criminal matter 11-40002. His memorandum of law in support of the application, however, indicated that the application was in fact for criminal matters 11-40002 and 11-40009. The Court treated his motion as if it had been filed in both matters. However, the Court's memorandum and order was inadvertently only filed in matter 11-40002. The Court hereby directs the clerk of court to file a copy of the memorandum and order in 11-40009 to correct this oversight.

[2] In his application for a COA, Lopez states that the "notice of appeal was timely filed on March 5, 2015." However, no separate notice of appeal appears on the docket. Because the Court will grant the COA and for the reasons explained in this order, it does not appear that he now needs to file a separate notice of appeal.

Before determining whether to allow a COA, the Court will first determine whether an appeal would even be timely. By local rule, in the First Circuit, "[a] petitioner wishing to challenge the denial of a § 2254 or § 2255 petition must file a timely notice of appeal whether or not the district court issues a certificate of appealability." First Circuit Local Rule 22.0(a). To be timely, a notice of appeal must be filed "within 60 days after entry of the judgment or order appealed from . . . ." Fed. R. App. P. 4(a)(1)(B); Rule 11(b) of the Rules Governing § 2255 Proceedings for the United States District Courts ("Habeas Rules"). For purposes of Fed. R. App. P. 4(a), a judgment or order is entered

> (i) if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or
>
> (ii) if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:
>
> - the judgment or order is set forth on a separate document, or
>
> - 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)

Fed. R. App. P. 4(a)(7). An application for a COA may be treated as "the 'functional equivalent' of a notice of appeal" if it contains "the 'pertinent information' and 'plainly evidence[s] an intention to appeal.'" *Pimental v. Spencer*, 305 Fed. App'x. 672, 673 (1st Cir. 2009) (quoting *Campiti v. Matesanz*, 333 F.3d 317, 320 (1st Cir. 2003)); *see also Ray v. Cowley*, 975 F.2d 1478, 1479 (10th Cir. 1992); *Bell v. Mizell*, 931 F.2d 444, 445 (7th Cir. 1991).

The Court issued its memorandum and order denying petitioner's motion to vacate on October 8, 2014. However, no separate judgment dismissing the matter was issued. Lopez submitted his application for COA on March 5, 2015, 148 days after the Court's memorandum and order. If the critical date is the date of the memorandum and order, an appeal would appear

2

to be untimely. The weight of the case law, however, supports a finding that Fed. R. Civ. P. 58(a), "in conjunction with [Fed. R. App. P. 4(a)] and the Habeas Rules, requires a separate judgment in habeas proceedings . . . ." *Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (citing *United States v. Batton*, 527 Fed. App'x. 686, 687-88 (10th Cir. 2013); *United States v. Braddy*, 372 Fed. App'x. 405, 406 (4th Cir. 2010); *Perez v. United States*, 277 Fed. App'x. 966, 967-68 (11th Cir. 2008); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Johnson*, 254 F.3d 279, 283-284 (D.C. Cir. 2001)); *see also Jeffries v. United States*, 721 F.3d 1008, 1013 (8th Cir. 2013) (collecting cases). Petitioner therefore had 210 days, or until May 6, 2015, to file his appeal because this Court "failed to enter a separate judgment, as required by Federal Rule of Civil Procedure 58(a)." *Gillis*, 729 F.3d at 643. Because there was no separate judgment, an appeal from denial of petitioner's § 2255 motion is timely.

Having determined that an appeal is timely, the Court next examines whether a COA should issue. A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).[3]

Petitioner moved to vacate, set aside, or correct his sentence, contending that he was unlawfully sentenced as a career offender because one of his predicate convictions was reduced (from assault and battery on a police officer to assault and battery) by the state court after he was

---

[3] Although *Miller-El*, 537 U.S. at 327, and *Slack*, 529 U.S. at 484, involved petitions for habeas corpus under §2254, the First Circuit has applied the *Miller-El* standard to motions to vacate under § 2255. *Capozzi v. United States*, 768 F.3d 32, 32 (1st Cir. 2014); *Quinones-Torres v. United States*, 240 Fed. App'x 876, 878-79 (1st Cir. 2007); *McGonagle v. United States*, 137 Fed. App'x 373, 375 (1st Cir. 2005); *Campbell v. United States*, 108 Fed. App'x 1, 2 (1st Cir. 2004).

3

sentenced. This Court denied petitioner's motion, concluding that it did not commit an error in making a guideline calculation based on a conviction that was later vacated because the state-court decision was not vacated because of innocence, an error of law, or constitutional invalidity.

The standard in assessing whether to issue a COA is more liberal, and petitioner need not show that the appeal will succeed. *See Miller-El*, 537 U.S. at 337. Although the question is close, the Court concludes that jurists of reason could disagree with the resolution of petitioner's claims and the issues presented are adequate to deserve encouragement to proceed further. *See id.* at 327.

Accordingly, a Certificate of Appealability is GRANTED as to the question whether petitioner was unlawfully sentenced as a career offender because one of his predicate convictions was reduced (from assault and battery on a police officer to assault and battery) by the state court after he was sentenced.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 17, 2015